[No. 12668.   Department Two. — May 2, 1890.]

E. E. KIRSCH, Appellant, *v.* C. F. E. KIRSCH, Re-
SPONDENT.

83   633
89   326

83   633
113   60

Divorce — Supplemental Cross-complaint — Adultery after Com-
mencement of Action — Trial — Failure to Object — Appeal. —
In an action for divorce, upon the ground of extreme cruelty, where, by
consent of plaintiff, a supplemental cross-complaint is filed by defend-
ant, charging plaintiff with adultery committed after the commencement
of the action, and issue is taken upon such cross-complaint by answer
thereto, and a trial is had thereon without objection, and a divorce is
granted thereupon to defendant, it is too late to object for the first time,
upon appeal, that the supplemental cross-compliant sets up a new cause
of action, accruing after the commencement of the action, or that it con-
tained no prayer for relief, and must be regarded only as a defense, etc.
Where a case is tried upon the theory that the issues are properly joined
in the trial court, and no objection or exception is taken there, it is
too late to raise such objection upon appeal.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*Fisher Ames*, and *George D. Collins*, for Appellant.

The so-called supplemental cross-complaint, being an
amendment to the answer and cross-complaint, and
filed as a further and supplemental answer and cross-
complaint, must be held to be an answer, and not a
cross-complaint. (Civ. Code, sec. 122; *Shain* v. *Belvin*,
79 Cal. 263; *Doyle* v. *Franklin*, 40 Cal. 110.) It is not
allowable to substitute a new and distinct cause of ac-
tion by way of supplemental complaint. (*Gleason* v.
*Gleason*, 54 Cal. 136; *Wittenbrock* v. *Bellmer*, 57 Cal. 13;
*Wood* v. *Brush*, 72 Cal. 226; Code Civ. Proc., sec. 464.)
There being no prayer for relief, the cross-complaint
can only be treated as a recriminatory defense. (*Hun-
garian Co.* v. *Moses*, 58 Cal. 176.)

*William C. Flint*, and *F. William Reade*, for Respond-
ent.

Where issue is joined and trial had, without ob-

jection to the sufficiency of the pleadings, objection will not be permitted in the supreme court. (*Cave* v. *Crafts*, 53 Cal. 135; *Spiers* v. *Duane*, 54 Cal. 176; *Hiatt* v. *Board of Trustees*, 65 Cal. 481; *Van Maren* v. *Johnson*, 15 Cal. 313.) The defendant may, by way of supplemental pleading, show the adultery of plaintiff since the commencement of the action. (*Steele* v. *Steele*, 35 Conn. 48; *Smith* v. *Smith*, 4 Paige, 432; *Sherl* v. *Sherl*, 2 Brad. 223; 2 Bishop on Marriage and Divorce, sec. 391; *Brisco* v. *Brisco*, 2 Add. Ecc. 259.)

McFARLAND, J.—Action for divorce; judgment for defendant, and plaintiff appeals from the judgment upon the judgment roll alone.

The ground of divorce set up in the complaint was extreme cruelty. Defendant filed an "answer and cross-complaint," in which he denied the alleged acts of cruelty, and set up affirmatively extreme cruelty by plaintiff, and prayed for a divorce on the latter ground. Plaintiff answered the cross-complaint, denying its averments as to cruelty. The amended complaint was filed September 26, 1886. Afterward, on January 10, 1887, defendant, "*by consent of plaintiff*, and by leave of court," filed "amendment to answer and supplemental cross-complaint," in which he averred that " on divers days and times between the third day of September, 1886, and the first day of January, 1887, and particularly on the thirtieth day of November, 1886, the plaintiff herein committed adultery with " a certain person named, at a certain named place. The plaintiff made no objection whatever to this last-named pleading, but answered it, calling it in her answer "defendant's supplemental cross-complaint," and denied the averments of adultery. Afterward plaintiff herself filed a supplemental complaint, averring additional acts of cruelty committed since the commencement of the action, viz., on January 13, 1887. Defendant answered, denying its averments.

The parties went to trial on the issues raised by these last-named pleadings, as well as upon other issues, and the court found against all the averments of cruelty, but found, also, " that on divers days and times between the third day of September, 1886, and the first day of January, 1887, and particularly on the thirtieth day of November, 1886, the plaintiff committed adultery with" the person and at the place stated in said so-called supplemental cross-complaint. No motion for a new trial was made; no evidence is brought here by bill of exceptions; and the record does not show any objection or exception whatever.

Appellant now asks a reversal of the judgment, on the sole ground that the so-called supplemental cross-complaint of defendant was insufficient; that it must be regarded as only a defense; that it sets up a new cause of action, accruing after the commencement of the action; that there is no prayer for relief, etc. But the case comes clearly within the rule that where a case is tried upon the theory that the issues are properly joined in the trial court, and no objection or exception is taken there, it is too late to raise such objections here. (*Hiatt* v. *Board of Trustees*, 65 Cal. 481; *Spiers* v. *Duane*, 54 Cal. 176; *Cave* v. *Crafts*, 53 Cal. 141; *Van Maren* v. *Johnson*, 15 Cal. 313.)

The judgment is affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.