## HAINES v. STILWELL.

No. 15,828; April 30, 1895.

40 Pac. 332.

Contract—Modification.—After Defendant had Agreed to Repay to plaintiff all moneys received under a contract in consideration of its annulment, a proposition by him to pay a certain amount was accepted by the latter, if he would agree in writing to do so, and defendant promised to send the. agreement, but never did so. Held, that the new agreement was never perfected so as to change the defendant's liability under the agreement for the rescission of the contract.

Trial—Findings.—Where Counts for Money Loaned, Money had and received, and on a special contract, which is especially set out, are joined, and the complaint shows that they are all on the same cause of action, the failure to find the issues under the first and second counts is not reversible error, the issues under the third count being found, as the latter include the former.

Pleading—Attacking on Appeal.—The Fact That Defendant's Promise, in the action on a contract, is alleged in the complaint, merely by way of recital, is not ground for reversing a judgment for plaintiff, where the complaint is attacked for the first time on appeal, and where defendant specially denied the promise.

**Interest—Rescission of Contract.—Defendant, After Having Agreed**, in consideration of the rescission of a contract, to repay plaintiff all moneys received thereunder, refused to do so. Held, that he was liable for interest on the money received from the date of the later agreement.

APPEAL from Superior Court, City and County of San Francisco; Charles W. Slack, Judge.

Action by Byron W. Haines against Henry C. Stilwell. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Pierson & Mitchell for appellant; J. W. Dorsey and Haven & Haven for respondent.

HAYNES, C.—This action was brought by Haines to recover from Stilwell $6,293.65, with interest. The cause of action was single, but was stated in different forms in the complaint: First, for money loaned; second, for money had and received; and the third count set out a contract in writing made March 30, 1891, whereby defendant agreed to sell and plaintiff agreed to buy one-half of the capital stock of the Stoney Creek Improvement Company, a corporation, defendant then being the owner of all the stock of said corporation. Certain payments were made thereon by plaintiff, the particulars of which need not be stated in this connection. The stock was not to be delivered until fully paid for, and none of it was delivered. On or about August 12, 1891, the parties thereto, under date of April 15, 1891, indorsed upon said contract the following: "We do hereby mutually agree that this contract is and shall be null and void"—and signed their names thereto; and it was alleged that defendant promised and agreed to repay to the plaintiff all moneys he had paid or advanced under said contract. The issues raised by defendant's answer were tried by the court without a jury, and findings and judgment were for the plaintiff for $4,793.65, with interest thereon from August 12, 1891. Defendant's motion for a new trial was denied, and this appeal is from the judgment and the order denying a new trial. Appellant specifies findings 1, 3, 5, 6, and 8 as not justified by the evidence.

1. The court found that plaintiff paid under the contract $4,793.65, and appellant contends that the evidence is in-

sufficient to sustain a finding for more than $2,789.15. A careful examination of the evidence reveals no ground upon which this finding should be disturbed. The principal point of difficulty in the mind of appellant seems to be based upon the "Nager Mill" sale, as to which the plaintiff claimed that defendant guaranteed he would sell it for a specified sum, which was larger than defendant received for it. But the court clearly found against plaintiff's contention that defendant guaranteed to sell the mill for $8,000, and must have found that defendant sold it for $6,500—$2,200 in cash and $4,300 in notes—and credited plaintiff and charged defendant said cash as received under said contract (the notes having been delivered to plaintiff), and this is in exact accord with defendant's testimony as to that transaction.

2. The third finding is to the effect that at the time of the rescission of the contract the defendant promised and agreed to repay to the plaintiff all the moneys he had advanced or paid to the defendant under the contract. There was direct testimony given by the plaintiff sufficient to sustain this finding, and, while there was a conflict of evidence, such conflict principally related to how and when and to what extent the plaintiff should be reimbursed. There seems to have been a proposition made by defendant, after the cancellation of the contract, to pay plaintiff $3,000 when the property should be sold, and that plaintiff was willing to accept such proposition provided the defendant would agree in writing to do so; that defendant said he would send such agreement to the plaintiff, but never did it; and defendant contends that, as the plaintiff did not allege such agreement or promise in his complaint, he cannot recover upon it in this action. But the plaintiff's recovery is not based upon such promise, but upon the original promise made at the time the contract was rescinded. Of course it was in the power of the parties to change the agreement, but such new agreement was never perfected, the condition imposed by the plaintiff not having been complied with.

3. The fifth finding negatives the claim of the defendant that plaintiff agreed that he should retain to his own use the moneys plaintiff had paid to him, and the sixth is to the effect that plaintiff at no time waived his right to claim a repayment from the defendant. The first and third findings above

noticed being sustained by sufficient evidence, it follows that the fifth and sixth must be also sustained.

4. The eighth finding is that the plaintiff never received any benefit from defendant under the original contract. As to this, appellant says the plaintiff received a benefit, in that he was admitted into the ownership of a half interest in said corporation, and received therewith all its benefits and emoluments. I think the court did not understand the word "benefits" to mean the barren honor of being a stockholder in a corporation burdened with debts and mortgages, and the evidence shows that plaintiff received no income, profits, or other tangible benefit.

5. Appellant further specifies that the issues under the first and second counts were not found upon by the court. These counts were upon the same cause of action as the third, and it so appeared upon the face of the complaint. As they rested upon the same facts, the facts found include them. Were it otherwise, it would not avail the appellant, as his answers to those counts consisted only of conclusions of law, and therefore admitted the facts alleged in them.

6. Appellant further contends that the third count of the complaint does not state facts sufficient to constitute a cause of action. His point is that the promise and agreement to repay the money he had received from the plaintiff is not alleged except by way of recital, as a consideration merely for the cancellation. The count mentioned is clearly open to criticism; but no demurrer was interposed upon the ground that the allegations were uncertain, and the case was tried as though the facts were properly alleged, and without any objection to evidence given under the imperfect averment. That it is too late to raise the question in the appellate court, under such circumstances, see Horton v. Dominguez, 68 Cal. 642, 10 Pac. 186; Kirsch v. Kirsch, 83 Cal. 633, 23 Pac. 1083; Ortega v. Cordero, 88 Cal. 221, 26 Pac. 80. Not only so, but defendant in his answer expressly denied "that he agreed to restore or repay to the plaintiff all or any of the moneys theretofore paid by the plaintiff to defendant under the terms of said contract." If the defendant had not understood the complaint to allege that he had so agreed, the denial would not have been made, and the denial, therefore, admits the existence of the allegation, and aids or cures its defects.

7. It is further contended that the findings do not support the judgment. The only point made is that the court found that the plaintiff had paid under said contract $4,793.65, while the judgment is for $5,657.63, the difference between these sums being the interest on the sum first stated from August 12, 1891. The court, however, having found that from the date last stated the defendant had in his hands $4,793.65 belonging to the plaintiff, as a conclusion of law rightly found that he was entitled to interest thereon, and ordered judgment accordingly. The judgment and order appealed from should be affirmed.

We concur: Vanclief, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.