[No. 15702. In Bank.—May 27, 1896.]

## ELIZABETH A. KIRSCH, Appellant, *v.* C. F. EMIL KIRSCH, Respondent.

Divorce—Adultery of Wife—Award of Community Property to Husband—Allowance to Wife—Quitclaim Deed—Title of Husband—Equity—Writ of Assistance.—Where a divorce is granted to the husband for adultery of the wife, and an award is made to the husband of community property standing in the name of the wife, to be and remain his separate property, he in turn being required to pay five hundred dollars to the wife, upon the execution of a quitclaim deed by her, but to be relieved from payment of that sum if such deed was not executed, his title to the property does not depend upon the execution of the deed, or the payment of the money, it not being made a lien upon

the property, but being in the nature of a money demand to be enforced by appropriate process, upon condition that the deed is executed, and the husband is entitled to a writ of assistance in the action for divorce, which is in the nature of a suit in equity, to place him in possession of the property awarded to him by the decree as against the wife.

ID.— ACTION OF EJECTMENT PENDING — DEFENSE OF DEED INTENDED AS MORTGAGE — IMMATERIAL OBJECTION TO WRIT OF ASSISTANCE.— The pendency of an action of ejectment brought by a third person claiming under a deed from the husband, against the husband and wife, in which the husband defended denying title of the plaintiff, and pleading by way of cross-complaint that the deed was a mortgage, and that plaintiff and his wife had been in possession, receiving the rents and profits, and praying for an accounting, and that the premises be restored to him under a reconveyance from the plaintiff, is no objection to the granting of a writ of assistance against the wife in an action for divorce, in which the property was awarded to the husband, and to which the plaintiff in the action of ejectment was no party, nor are the questions raised in the ejectment suit material to be considered upon the application for the writ of assistance in the divorce action.

ID.—JUDGMENT UPON DEMURRER OF WIFE—RES ADJUDICATA.—A judgment for costs in the action of ejectment in favor of the wife against the husband, upon the sustaining of a general and special demurrer interposed by her to his cross-complaint, it not appearing that the merits of the action were involved in the order sustaining the demurrer, cannot be said to constitute any bar or estoppel in her favor as against the husband's title to the property awarded to him in the divorce suit, but the rights of the parties must be determined by the judgment in the divorce action, if no new and independent rights have been acquired subsequent to its date.

ID.—TITLE BY ADVERSE POSSESSION—OPPOSITION TO WRIT OF ASSISTANCE — UNSUPPORTED CLAIM — PENDENCY OF APPEAL — SUSPENSION OF RIGHTS.—Where there is a *prima facie* showing that the plaintiff has acquired a new and independent title by adverse possession, as against the defendant, a writ of assistance should not issue in favor of the defendant, and cannot operate to affect such new and independent right; but the bald assertion of an unsupported claim is not a sufficient warrant for asking the court to withhold its process; and where less than three years have elapsed since the final determination of the rights of the husband upon appeal to the supreme court from the judgment of divorce, there can be no title of the wife acquired by adverse possession, as her possession could not be adverse to the husband pending the appeal, all rights under the judgment having been suspended during the appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a writ of assistance in an action for divorce.    JAMES M. TROUTT, Judge.

The facts are stated in the opinion of the court.

*Fisher Ames,* for Appellant.

*William F. Gibson,* for Charles Greene.

Kirsch ceased to be a party in interest on March 17, 1887, by reason of his deed to Greene, and he should not be put into possession of the premises while his grantee, Greene, is litigating with him and is protesting against such action, and claiming by deed of grant, bargain, and sale to be the *bona fide* owner, and the real party in interest. Kirsch not only abandoned the property on March 17, 1887, but doubly abandoned it in May, 1887, and refused to comply with the terms and requirements of the decree, and is estopped from claiming any interest therein, and the court ought not to have put Mrs. Kirsch out of possession of the premises which he has so abandoned to her, after refusing to pay her the five hundred dollars required to be paid by the decree. (*Godeffroy* v. *Colwell,* 2 Cal. 489; 56 Am. Dec. 360; *Bryan* v. *Ramirez,* 8 Cal. 462; 68 Am. Dec. 340; *Hostler* v. *Hayes,* 3 Cal. 303.) Besides, she has occupied the premises continuously for more than six years adversely to Kirsch, and the proceedings which have been pending in this court since that time have not affected or suspended the running of the statute. (*Langford* v. *Poppe,* 56 Cal. 73; *Carpenter* v. *Natoma etc., Co.,* 63 Cal. 617; *Dunn* v. *Miller,* 75 Mo. 260; *Mabary* v. *Dollarhide,* 98 Mo. 198; 14 Am. St. Rep. 639; *Hopkins* v. *Calloway,* 7 Cold. 37; *Bell* v. *Coats,* 56 Miss. 776.) This is not the proper proceeding for Kirsch to pursue to obtain any remedy to which he may be entitled. A writ of possession in a divorce case is a practice unknown to this state. An action of ejectment is the proper action. (*Moulton* v. *McDermott,* 93 Cal. 660.) The question of adverse possession cannot be litigated on a motion for writ of possession. The judgment by default against appellant in *Greene* v. *Kirsch* was as much a judgment against him as to his title as though the action had been tried on its merits. (*Hutchings* v. *Ebeler,* 46 Cal. 557; *Himmelmann* v. *Spanagel,* 39 Cal. 401.)

*H. B. Mayo*, and *Thomas A. McGowan*, for Respondent.

The judgment upon the demurrer in the case of *Greene* v. *Kirsch* does not estop Mr. Kirsch from asserting his claim to this property, as the merits of the cause of action were not considered. (*Terry* v. *Hammonds*, 47 Cal. 35; *Hardenbergh* v. *Bacon*, 33 Cal. 356; *Los Angeles* v. *Mellus*, 59 Cal. 444; *Morrell* v. *Morgan*, 65 Cal. 575; *Gilman* v. *Rives*, 10 Pet. 301; 2 Black on Judgments, sec. 693.) Pending litigation, Mrs. Kirsch could not acquire any title by adverse possession, and the action was pending up to June 4, 1890. (Code Civ. Proc., sec. 1049; *People* v. *Treadwell*, 66 Cal. 401; *Woodbury* v. *Bowman*, 13 Cal. 634; *Murray* v. *Green*, 64 Cal. 364; *McGarrahan* v. *Maxwell*, 28 Cal. 91; *Sanders* v. *Whitesides*, 10 Cal. 89; *Bryan* v. *Berry*, 8 Cal. 134; *Penhallow* v. *Doane*, 3 Dall. 54, 57, 118; *United States* v. *Pacheco*, 20 How. 263.) Emil Kirsch was entitled to a writ of possession under the decree, and this is a proper proceeding. (Code Civ. Proc., secs. 380, 682, subd. 5.)

HENSHAW, J.—Appeal from an order made November 2, 1893, granting respondent a writ of assistance to recover possession of certain real property.

Appellant and respondent had been wife and husband. Appellant sued her husband in divorce, claiming a piece of real property, title to which stood in her name as her separate property. The husband answered and cross-complained, charging his wife with adultery, and declaring the land in question to be the property of the community.

He was granted a divorce by judgment and decree entered March 18, 1887. It was also decreed that the property in question was community property, and in making disposition thereof, the court awarded it to the husband, "the same to belong to him absolutely, and to be his sole and separate property, free from any claim by or of the plaintiff."

The judgment proceeds: "And it is further ordered that the defendant pay to plaintiff herein, or to her at-

torney, within sixty days from the date of the entry of this decree, the sum of five hundred dollars in cash in United States gold coin; provided, nevertheless, that the said plaintiff shall and does, within that time, execute and deliver to the defendant or his attorney a full and sufficient quitclaim conveyance of all her pretended right, title, and interest (as the same appears of record) in and to said real estate and property, and in case of her failure to execute and deliver such quitclaim conveyance within said time said defendant shall be, and he hereby is, relieved from the payment of said sum of five hundred dollars." From this judgment an appeal was taken to this court, by which it was affirmed in May, 1890. (*Kirsch* v. *Kirsch*, 83 Cal. 633.)

The day before the entry of the judgment and decree in the superior court the husband made a deed of grant of the land to Charles Greene, which deed was acknowledged and duly recorded a few days thereafter. In the year following, 1888, Greene began an action in ejectment against Mr. and Mrs. Kirsch to recover possession of the land. Mr. Kirsch answered, denying Greene's title and denying that he was in possession of the land. By cross-complaint he pleaded that the deed to Greene was a mortgage, and that Greene and Mrs. Kirsch ever since March 17, 1887, had been in possession, receiving the rents and profits of the property, which exceeded the amount of the mortgage debt. He prayed judgment that the deed be declared a mortgage, that an accounting be had, and that the premises be restored to him under reconveyance from Greene.

Mrs. Kirsch filed a general and special demurrer to this cross-complaint, which was sustained (upon what ground does not appear), with leave to amend. Kirsch not having availed himself of this permission, judgment for her costs was thereupon entered in favor of Mrs. Kirsch. The action of *Greene* v. *Kirsch* is yet pending and untried.

Thereafter, in 1893, respondent herein served notice upon appellant that he would apply to the court for the

order here appealed from.   The order was granted upon
the papers, files, and records of the divorce case, the
Greene ejectment case, and such affidavits as were intro-
duced by the respective parties.

We regard the controversy, whether the deed to
Greene was or was not a mortgage, and the matters
touching the Greene ejectment suit, as presenting ques-
tions immaterial to this consideration.   Greene was not
a party to the proceedings which terminated in the
order for the writ.   His rights are in no way affected
by that order.   His action in which he pleads ouster
and the possession of Mr. and Mrs. Kirsch is pending,
and its merits will not be affected by a determination
as to which of defendants between themselves and not
against him is entitled to possession.

The only consideration in this regard meriting notice
is the effect of the judgment in favor of Mrs. Kirsch
upon Mr. Kirsch's cross-complaint.   Her demurrer
raised a number of legal objections: 1. Insufficient
facts to constitute a cause of action; 2. Improper join-
der of several causes of action; 3. Ambiguity, unintel-
ligibility, and uncertainty.   Leave was given by the
court to amend.   It does not appear that the merits of
the cause of action were involved in the order sustain-
ing the demurrer.   The judgment was for costs.   It
cannot be said that any bar or estoppel against respond-
ent is raised by such a judgment.   (*Terry* v. *Hammonds,*
47 Cal. 32; *Hardenbergh* v. *Bacon,* 33 Cal. 356; *Los
Angeles* v. *Mellus,* 59 Cal. 444; *Morrell* v. *Morgan,* 65 Cal.
575.)

The rights of appellant and respondent to the prop-
erty in question, excepting so far as either may have
since acquired new and independent rights thereto, are
to be measured by the language of the judgment in
divorce, which was affirmed upon appeal.   The property
was community property.   It was awarded absolutely
to the husband.   He in turn was to give the wife five
hundred dollars, but only upon the execution by her of
a quitclaim deed.   The absoluteness of his title was

not made to depend upon the payment of the money. On the contrary, the wife's right to the money was made to depend upon condition precedent that she execute the deed. If she did this, she had a claim upon him for that amount. If she did not, she had no claim. In either or any event the property was his and her claim was not made a lien upon it. It was in the nature of a money demand the collection of which could be enforced by appropriate process.

It appears that the wife remained in possession, and neither executed the deed nor received the money. She says she offered to make the deed, but the husband refused payment, saying he had sold, and had no further interest in, the property. As might be expected, there is a denial of this by the husband, who says he is, and always has been, ready to pay the five hundred dollars, but that Mrs. Kirsch would not execute the deed. The court seems to have believed Mr. Kirsch.

Appellant contends, however, that she has acquired a new title to the property by adverse possession, and that this title cannot be litigated in this manner and in this proceeding; that it should be tested either in ejectment or in an action to quiet title, when she would be entitled to a jury trial and the right to cross-examine hostile witnesses.

Reserving, for the moment, the consideration whether a writ of assistance may issue at all in an action such as this, we are well satisfied that, where a new and independent right to property has been acquired, or where a *prima facie* showing of the acquirement of such a right is made, the writ should not issue and cannot operate to affect such new and independent right. The writ relates back to and operates upon those rights only which have been determined by the judgment. The reason for the issuance of the writ is to give effect to rights awarded by the judgment. It should not and cannot operate to establish in the one party, or to destroy in the other, any rights to the property independent of those determined by the judgment. So it would

follow if appellant in this case had made even a *prima facie* showing of a new title by adverse possession, the issuance of the writ which would have passed judgment upon that title would have been improvident and irregular. But, while appellant claims a new title by adverse possession, the bald assertion of an unsupported claim is not a sufficient warrant for asking the court to withhold its process. If appellant, six months after the entry of the decree, should resist the issuance of the writ, upon the claim that she had, since the entry of the decree, acquired title by adverse possession, the groundlessness of the contention would entitle it to no consideration. The claim, in short, must be reasonable, and supported by a reasonable showing.

This claim, however, is not. The judgment entered in March, 1888, was appealed from by Mrs. Kirsch. In 1890, less than three years before the application for the order here appealed from, that judgment became final by affirmance in this court. The action was then pending until June, 1890 (Code Civ. Proc., sec. 1049), and while it was pending she could not acquire title by adverse possession, since, during the pendency of the appeal, all rights under the judgment were suspended. As Kirsch, while the appeal was pending, could enforce no rights under the judgment, *per contra*, the possession of the wife during that period could not be held to be adverse to her husband.

There is left for consideration the question whether a writ of assistance is the proper process in such a case. Our statutory action of divorce in its nature pertains to equity. The court, in fixing the status of the litigants, has the unquestioned power to dispose of the property of the community, dividing it between the spouses in such proportions as seem just. It has also jurisdiction to determine whether or not a given piece of property is or is not community property. Having these ample powers to adjudge and to award, it would be anomalous indeed if, under our simplified procedure, it were obliged to send either of the parties into another forum to pros-

ecute another action to obtain possession of that which it had the power to give.

Discussing the powers of a court of equity, this court said in *Montgomery* v. *Tutt*, 11 Cal. 190: " The power of the court to issue the judicial writ, or to make the order and enforce the same by writ of assistance, rests upon the obvious principle that the power of the court to afford a remedy must be coextensive with its jurisdiction over the subject matter." Says Chancellor Kent in *Kershaw* v. *Thompson*, 4 Johns. Ch. 609: "When the court has obtained lawful jurisdiction of the case, and has investigated and decided upon its merits, it is not sufficient for the ends of justice merely to declare the right, without affording the remedy."

We think the issuance of the writ in such a case as this is permissible upon principle, and conformable to the letter and spirit of section 187 of the Code of Civil Procedure.

The order appealed from is affirmed.

TEMPLE, J., HARRISON, J., GAROUTTE, J., VAN FLEET, J., and BEATTY, C. J., concurred.

McFARLAND, J., dissented.