AUGUST OBEREIN *et al.*

*v.*

LUKE WELLS.

163　101
184　537

*Filed at Ottawa November 9, 1896.*

1. RES JUDICATA—*when decree as to ownership of land is binding—burnt records.* A decree not reversed or appealed from, which finds that a defendant in possession of land has no interest, directs him to surrender possession and enjoins him from asserting title, is *res judicata,* and binding on such defendant, although one object of the bill was to restore burnt records and proper publication for the latter purpose was not made.

2. LIMITATIONS—*effect upon, of court's finding that possession is unlawful.* A possession of land which has been expressly held by a court of competent jurisdiction to be unlawful cannot be set up by the possessor, or one claiming under him, as sufficient to create a bar under the Statute of Limitations.

3. SAME—*possession of land is broken by decree of court finding it unlawful.* One whose prior possession is decreed by a competent court to be unlawful cannot add possession held prior to such decree to that held afterwards in order to make out the statutory bar, but can count only upon the new possession held after the decree.

4. ACTION—*bill to carry out and enforce former decree—when it lies.* Where the rights of parties have become so embarrassed by long delay in carrying out a decree that ordinary process issued upon such decree will not avail, a new bill to carry such decree into execution is proper.

5. EQUITY—*a court of equity will grant complete relief.* A court of equity which finds a petitioner before it to be the owner in fee of premises will complete his title by putting him in possession.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

HOLLETT & TINSMAN, for appellants:

Hunt's right of action accrued at the time he was entitled to bring ejectment upon his deed against any one in possession of the land. *Manning* v. *Warren,* 17 Ill. 267.

The Statute of Limitations having once commenced to run will continue to run until it operates as a complete bar, unless there is some saving or qualification in the statute itself. *People* v. *White,* 11 Ill. 342; *Shelburne* v. *Rob-*

*inson,* 3 Gilm. 597; *Stillman* v. *Young,* 16 Ill. 318; *Supervisors* v. *Gordon,* 82 id. 435; *Bonney* v. *Stoughton,* 122 id. 536.

The jurisdiction exercised by courts of chancery in this State by virtue of the Burnt Records act is in derogation of the common law, and judgments arising from the exercise of special jurisdiction will be treated as void, unless the particular state of facts necessary to confer jurisdiction appears in the record. Freeman on Judgments, (3d ed.) secs. 120-123, and cases cited; *Heacock* v. *Hosmer,* 109 Ill. 245; *Senichka* v. *Lowe,* 74 id. 274; *Goudy* v. *Hall,* 30 id. 116.

A court has power, upon the filing of a bill to enforce a former decree, to examine the said decree, and if found erroneous, to refuse to enforce it. *Wadhams* v. *Gay,* 73 Ill. 415; Adams' Eq. 416; Story's Eq. Pl. sec. 430; *Hamilton* v. *Houghton,* 2 Bligh, 169 ; *O'Connell* v. *McNamara,* 3 Dru. & War. 411.

Equity affords relief where no relief can be afforded at law; but where the remedy may be sought in either forum, equity can give no greater relief than could be obtained at law. *Kane* v. *Bloodgood,* 7 Johns. Ch. 90, and cases cited.

The mere recovery of a judgment against a defendant who holds adversely does not, of itself, suspend the Statute of Limitations. To do this there must be a change of possession. *Smith* v. *Trabue,* 1 McLean, 87; *Doe* v. *Reynolds,* 27 Ala.. 364; *Jackson* v. *Haviland,* 13 Johns. 229; *Jackson* v. *Schoonmaker,* 4 id. 402.

No greater relief may be granted in equity, so far as the Statute of Limitations is concerned, than can be obtained at law, in matters where the .remedy may be sought in either forum. *Manning* v. *Warren,* 17 Ill. 267; *Harris* v. *Mills,* 28 id. 44; *Gilbert* v. *Guptill,* 34 id. 112; *Pollock* v. *Maison,* 41 id. 519.

In this State it is the mere possession for the statutory period which bars the owner of the legal title of a recovery. *Turney* v. *Chamberlin,* 15 Ill. 272; *Weber* v. *Anderson,*

73 id. 439; *Hubbard* v. *Stearns*, 86 id. 35; *Flaherty* v. *McCormick*, 113 id. 538; *Railroad Co.* v. *Houghton*, 126 id. 233.

HENRY D. BEAM, and EDWARD D. COOKE, for appellee:

Appellants have no valid defense under section 1 of the Statute of Limitations, because whatever rights John Oberein had in the premises, possessory or otherwise, were cut off and extinguished by the decree of July 15, 1875, and twenty years have not intervened between that decree and the filing of the bill of complaint herein. *Higgins* v. *Mulvey*, 136 Ill. 636; *Bradish* v. *Grant*, 119 id. 606.

This decree, so long as it remains unreversed and unappealed from, is *res judicata*, and binding and conclusive upon the parties to that suit and those claiming under them. *Railroad Co.* v. *Miller*, 32 Ill. App. 272; *Baker* v. *Palmer*, 83 Ill. 568; *Gould* v. *Sternberg*, 128 id. 516; *McMillan* v. *Lovejoy*, 115 id. 498; *Litch* v. *Clinch*, 136 id. 425, and cases cited; *Higgins* v. *Mulvey*, 136 id. 641; *Harding* v. *Fuller*, 141 id. 308; *Gage* v. *Gentzel*, 144 id. 450; *People* v. *Seelye*, 146 id. 189; *Clark* v. *People*, 146 id. 348; *Quinn* v. *People*, 146 id. 275.

Where a court of chancery has once obtained jurisdiction of a cause it will retain it for all the purposes of complete justice between the parties. *Aldrich* v. *Sharp*, 3 Scam. 261.

In general, the court will retain the case and grant complete relief. *Peoria* v. *Johnson*, 56 Ill. 45; *Freeman* v. *Freeman*, 66 id. 53; *Leach* v. *Thomas*, 27 id. 457; *O'Brian* v. *Fry*, 82 id. 274.

Every court of general jurisdiction has inherent power to supply its own lost or defaced records, independently of the Burnt Records act. See authorities cited in *Goetz* v. *Koehler*, 20 Ill. App. 234.

A bill to carry a decree into execution is proper, where, after a decree has been pronounced, it has happened that, owing to some neglect of the parties to proceed upon the decree, their rights have become so embarrassed by subsequent events that no ordinary process of the court upon

the first decree will serve. 2 Daniell's Ch. Pr. p. 1588, chap. 34, sec. 7, and cases cited; Adams' Eq. 826, and cases cited; Story's Eq. Pl. sec. 429.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The question presented for the determination of this court is the ownership of certain real estate in the town of Thornton, in the county of Cook and State of Illinois, described as commencing at the north-east corner of the west half of the south-east quarter of section 31, in township 36, north, range 14, east of the third principal meridian; running thence west along the north line of said quarter section twenty chains; thence south fifty-seven links; thence east five chains; thence southerly parallel with the west line of said quarter section sixteen chains; thence easterly parallel with said north line fifteen chains; thence northerly in a direct line to the place of beginning, containing twenty-five acres of land, more or less; said land being otherwise described as the north sixteen and fifty-seven hundredths chains of the east fifteen chains of the west half of the south-east quarter of section 31 and the north fifty-seven links of the west five chains of the west half of the south-east quarter of said section 31, all in township 36, north, range 14, east of the third principal meridian. Appellee claims to be the owner in fee, and files his bill to establish title and regain possession from appellants, who, with their ancestor, John Oberein, have held it for many years.

About 1861 this land was owned by Jane Ross, afterwards Fuller. She contracted in writing to sell it to one William R. Hunt on certain payments. Before obtaining title, Hunt contracted to convey to Joseph B. Hunt under certain conditions and future payments. All interest in the last named contract was assigned by Joseph B. Hunt to John Oberein, who went into possession but never complied with the conditions of payment, and thus ceased

to have any rights under his contract. William R. Hunt did fully comply with his contract with Jane Ross (or Fuller), but found it necessary to file a bill for specific performance in order to obtain a deed. Such a bill was filed in the Cook circuit court in 1865, and to it John Oberein was made a party defendant, with the Ross heirs. He was personally served with summons but filed no answer. On this bill a decree was rendered in 1865, directing a deed to Hunt, and perpetually enjoining all the defendants from setting up or asserting any right, title or interest in or to these premises, and directing any of the defendants who may be in possession to surrender it to complainant, Hunt. Under these proceedings a master's deed was executed to Hunt October 30, 1865, which was recorded November 6, 1865.

On January 6, 1874, Otis B. Cowles filed his bill in the circuit court of Cook county against John Oberein, alleging, among other things, that he was the owner in fee simple of the premises in question, and reciting various deeds of conveyance purporting to show a complete chain of title from William R. Hunt to complainant, Cowles. The bill further recites the proceedings in the case of *Hunt* v. *Fuller et al.* setting out in full the prayer of the bill and the final decree in said cause. The bill further alleged that John Oberein was in possession of said premises at the time the decree was rendered in the case of *Hunt* v. *Fuller et al.*, and that he had ever since retained possession, and still claimed the right to possession, of said land; that the public records of Cook county were destroyed by fire on or about the 8th and 9th of October, 1871; that among the records destroyed were certain deeds of conveyance of said premises, together with the records of the judicial proceedings of this court in the suit of ·*William R. Hunt* v. *Jane Fuller et al.;* that said destruction by fire occurred without the fault or neglect of said complainant, and that such loss or destruction of such records, unless supplied, might result in damage

to complainant, Cowles; that at the time of the destruction of the records, as aforesaid, the solicitor for the complainant, Cowles, had the court files of the case of *Hunt* v. *Fuller et al.* in his possession; that such files, which at the time of filing said bill were in the possession of this court, contained the bill of complaint and all of the subsequent papers in said cause.

The prayer of the bill, omitting the formal part, was as follows: "That an order may be entered of record in this court reciting what was the substance and effect of the said destroyed records of this court in the said suit of *Hunt* v. *Fuller et al.;* that such an order and the said files of said cause may be decreed to constitute a complete record of said cause, or that the court will make such an order as will fully restore the record of said cause; that the title of your orator to said land may be established and confirmed; that the said defendant, Oberein, may be perpetually enjoined from claiming any right, title or interest in and to said premises; that he, or whoever may be found in possession of said premises, may be required to surrender possession thereof to your orator, and that said defendant, John Oberein, may account to your orator for the rents and profits of said premises, and that your orator may have such further relief or such other relief as the nature of this case may require and as shall be agreeable to equity." The bill was sworn to by the complainant, Cowles. Oberein was served with process. Afterwards, for want of an answer, the bill was taken as confessed by said defendant, John Oberein, and was referred to a master.

The master's report recommending that the prayer of the bill be granted, and that the complainant be allowed $287.50, (the rental value of said premises from October 4, 1869, to the date of said report,) was filed and approved, and a decree entered on the 15th day of July, 1875. The decree recites the facts substantially as set forth in the bill of complaint in the case of *Hunt* v. *Fuller et al.;*

the filing of the bill and the subsequent proceedings in the case of *Hunt* v. *Fuller et al.*, including the final decree; the conveyance by Hunt to Parsons, and by Parsons to complainant, Cowles; the destruction by fire of the record of said decree; the failure of John Oberein to obey the order of this court in the case of *Hunt* v. *Fuller et al.*, and the fact that he still retained possession of said premises. The decree then proceeds in the following words: "On motion of Hiram A. Merrill, counsel for the complainant, the court doth order, adjudge and decree that the orders and decree of said circuit court above found are in substance and effect the same with those destroyed by fire, and that they, together with the files of said cause in this court, constitute a complete record of said cause, and that the said orders and decree do stand fully restored, and that the title of complainant to said premises be and the same is hereby established and confirmed; that the said defendant, John Oberein, deliver immediate possession of said premises to complainant, and in case of his failure to do so, that a writ of assistance, in the name of the People of the State of Illinois, issue out of and under the seal of the court, directed to the sheriff of said Cook county, to put the complainant in possession of said premises, and him in such possession thereof from time to time maintain and defend, commanding him, immediately after receiving the same, to go to and enter upon the said premises and eject and remove therefrom the said defendant and all and every person or persons holding or detaining the same, or any part thereof, against the said complainant, and that he put and place the complainant or his assigns in full, peaceable and quiet possession of the said premises without delay, and him, the said complainant, in such possession thereof from time to time maintain, keep and defend, or cause to be kept, maintained and defended, according to the tenor and true intent of this decree and order; that the said John Oberein do stand perpetually enjoined from

setting up or asserting any right, title or interest in and to said premises."

The master to whom the case at bar was referred found the facts to be substantially as stated in appellee's bill, and also found that appellants' ancestor, John Oberein, had been in possession of the land in question from the year 1865 until September 16, 1881, (the day of his death,) and that Sophia Oberein, widow, and August Oberein, son of said John Oberein, deceased, have resided upon said premises since the death of said John Oberein; that the taxes on said premises have been paid by Oberein and his heirs, or by some one in their behalf, for the years from 1862 to 1892, both inclusive. The master's report was confirmed by the court, over the exceptions of appellants, and a decree entered pursuant to the prayer of the bill.

In this condition matters remained until 1892. Oberein was still in possession of the land, no steps, apparently, having been taken to enforce the provisions of the last mentioned decree. At the September term of that year the bill in question was filed by appellee, setting forth, in substance, the foregoing facts. The prayer of the bill was, that a decree be rendered to carry out and enforce against the widow and heirs of John Oberein, deceased, the decree of 1875, and that they be required to surrender up possession of the land and account for the rents and profits, together with a prayer for injunction. The answer sets up and relies upon the statute of limitations of twenty years. The cause was referred to a master to take proof, and report, with his conclusions on law and evidence. The report of the master found that all the material allegations of complainant's bill were true, and that he was entitled to the relief asked for. A number of exceptions were filed by appellants to the master's report,—ten in number,—the effect of which was to question the validity of the decree of 1875, and to insist that it was no interruption of the running of the statute of

limitations of twenty years. A decree was rendered over-
ruling all the exceptions to the report of the master and
granting the relief asked for in the bill. The decree finds
that the decree of 1875 is still in full force and effect and
unappealed from, and since that date the possession of
appellants is in violation of that decree and of the in-
junction of the court then granted, and decrees that ap-
pellants surrender up the possession of said lands.

There are two errors assigned on this record: First,
that the circuit court erred in overruling each and every
of the exceptions to the master's report; and second, the
court erred in granting the relief prayed in the bill of
complaint.

The bill in the case of *Cowles* v. *Oberein*, was general in
its nature. The record of its orders and decrees had been
destroyed by fire, but the original files in the case were
accessible and were produced before the court. It not
only sought to restore the record from these files, but
asked other and additional relief incident to a bill in
equity. The evidence on which the decree was based
was sufficient to support it. The appellant Oberein was
personally served and given an opportunity to present
any defense. This decree, standing, as it does, unre-
versed and unappealed from, and finding, in substance,
that he had no interest in this land, and directing him to
surrender possession and enjoining him from asserting
any claim or title, is *res judicata* and binding upon him.
(*Baker* v. *Palmer*, 83 Ill. 568; *Gould* v. *Sternberg*, 128 id. 510;
*Litch* v. *Clinch*, 136 id. 410; *Harding* v. *Fuller*, 141 id. 308;
*Gage* v. *Gentzel*, 144 id. 450.) From the rendition of that
decree his possession was illegal, unlawful, and in direct
violation of the terms of the decree by which he was
bound. Neither a party nor those claiming under him can
be heard to say that a possession of land which is ex-
pressly held by a court of competent jurisdiction to be a
wrongful possession, will afterwards be held by a court

of equity to be one recognized as sufficient to create a bar under the Statute of Limitations.

The contention of appellants that the decree of 1875 was no interruption of the Statute of Limitations is without merit. It was an adjudication of the rights of the parties, and decreed that the ten years' former possession by Oberein had been an unlawful possession. If he afterwards continued it must be as a new possession, and dating from the rendition of this decree. Appellants will not be given a credit of time on the Statute of Limitations which extends back of that decree, and it was not error in the circuit court to so hold, and to overrule appellants' exceptions to the master's report bearing on that question.

It is contended by appellants that the decree of 1875 was void and not effective against them, for the reason that the bill was one filed under the Burnt Records act, and that no such publication was made as required by that act. By the decree of 1875 John Oberein was found to have no interest in this land, and he was enjoined from claiming any title and ordered to deliver possession. The bill of 1874 only sought the enforcement of the decree of 1865, so far as he was concerned. It is not now claimed that the conditions had at that time changed, or that he had acquired any other interest. The merits of the cause then demanded the enforcement of the decree. He was made a party in 1875, personally served with process, his appearance entered, and an opportunity given him to show cause, if any, why the decree of 1865 should not be effective. It was found that he still had no rights. The court had jurisdiction over him and the subject matter, and the decree was binding on him. The bill could have been maintained and a decree rendered irrespective of the Burnt Records act. "A bill to carry a decree into execution is proper, where, after a decree has been pronounced, it has happened that, owing to some neglect of the parties to proceed upon

the decree, their rights have become so embarrassed by subsequent events that no ordinary process of the court upon the first decree will serve, and it is therefore necessary to have another decree of the court to ascertain and enforce them." Story's Eq. Pl. sec. 429; Daniell's Ch. Pr. p. 1508, sec. 7; Adams' Eq. 415.

While it is true that proceedings under the Burnt Records act, being purely statutory, must be strictly complied with, the objection made by appellants as to want of publication is without merit, for the reasons above stated.

Objection is also made by the ninth exception of appellants to that part of the master's report, and adopted by the decree, which finds that appellee is entitled to a writ of possession under the decree of 1875 granting Cowles the right of possession. The court having found and decreed ownership, possession was an incident thereto, and was properly decreed. It is the duty of a court of equity having acquired jurisdiction of a cause to grant complete relief and do justice between the parties. (*Aldrich* v. *Sharp*, 3 Scam. 261; *City of Peoria* v. *Johnston*, 56 Ill. 45; *Leach* v. *Thomas*, 27 id. 457; *Freeman* v. *Freeman*, 66 id. 53; *O'Brian* v. *Fry*, 82 id. 274.) "The power to effectuate its decrees is inherent in the nature of a court of equity. Possession is one of the elements which is necessarily involved in the ownership of real estate. Where a court of equity finds the petitioner to be the owner in fee of the premises, it is not obliged to send him to a court of law to get the possession which it has decided he is entitled to." *Harding* v. *Fuller*, 141 Ill. 308.

The foregoing discussion necessarily leads to the conclusion that there was no error in the decree of the circuit court, and it is accordingly affirmed.          *Decree affirmed.*