### Josiah W. May v. Mary E. May.

#### Gen. No. 13,150.

ALIMONY—*when bill to enforce decree for, does not lie.* A bill to enforce a decree for alimony awarded upon the entry of a decree of divorce, does not lie where the issue between the parties to such decree is that since the entry thereof a common law marriage has been contracted between them. The court entering the decree for alimony has full power and jurisdiction to determine such issue and enforce such decree.

Bill for injunction, etc. Error to the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded with directions. Opinion filed June 14, 1907.

**Statement by the Court.** Defendant in error, hereinafter called complainant, filed a bill of complaint in the Superior Court alleging that she married plaintiff in error, hereinafter called the defendant, in 1887; that November 16, 1900, she filed a bill for divorce in the Circuit Court of Cook county, subsequently

amended in which she charged defendant with extreme and repeated cruelty; that May 7, 1902, a decree was entered in her favor, granting her a divorce, giving her the care and custody of the children and the sum of $8.00 a week permanent alimony.

She alleges that afterward defendant evinced a disposition to reform and a desire to return and live with her and she was induced and led to believe that no valid decree of divorce had in fact and law been granted; that theretofore she allowed defendant to return and live with her in pursuance of said marriage and from January 1, 1903, to September 15, 1905, they continued to live together; that on or about the date last mentioned he deserted her without reasonable cause, having been again guilty of extreme and repeated cruelty; that after such desertion she learned on consultation with her solicitor that a valid decree of divorce had been entered May 7, 1902, which was the first intimation she had received to the effect that defendant's statements to her in that regard were false. She alleges that defendant insists that by reason of their having lived together since said decree of divorce was entered, a common law marriage was contracted and established between them, although no marriage contract was entered into and no ceremony performed and complainant never attempted or intended to enter into any form of contract or marriage subsequent to said decree.

The prayer of the bill is that the court may determine whether a lawful marriage exists, that if it does it may be dissolved, for the care and custody of the children and that defendant be decreed to pay temporary alimony and solicitor's fees, also permanent alimony for the support of complainant and their children, and that an injunction issue restraining defendant from molesting or interfering with complainant or the children and for general relief.

Defendant answered denying the representations al-

leged to have been made by him, admitting that the two lived together from January 1, 1903, until September 15, 1905, denies he wrongfully deserted complainant on the last mentioned date, but avers that he left because of improper conduct on the part of complainant. Defendant denies the charges of cruelty, and that he claims the existence of a common law marriage, admits that no formal marriage contract was entered into subsequent to May 7, 1902, and refers to a petition filed by him in the Circuit Court in the original divorce suit, in which petition he sets out the alleged circumstances of the original separation, that he did not know the divorce decree of May 7, 1902, nor any order directing him to pay alimony had been entered until after he left complainant in September, 1905, and prays for the vacation of orders entered for alimony and solicitor's fees, the custody and control of the minor children and for restitution by complainant.

The decree finds that no marriage relation exists between the parties and that the decree of divorce entered in the Circuit Court May 7, 1902, still remains in full force and that complainant is now entitled to its enforcement in all respects. It then proceeds to find that defendant has not paid the alimony which by that decree he was directed to pay, that there is due from him $164.55, and orders him to abide by that decree of the Circuit Court entered May 7, 1902, pay the alimony so found to be due and also pay the permanent alimony provided by said decree, and provides that payments of alimony so made shall *ipso facto* operate as compliance with said former decree of the Circuit Court. The alimony provided for is decreed a lien on the real estate and personal property of defendant.

JOHN W. CREEKMUR and RUFUS COPE, for plaintiff in error.

ROSENTHAL & HAMILL, LEE J. FRANK and CHARLES H. PEASE, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

We discover nothing in this record to justify the Superior Court in undertaking to enforce the decree entered May 7, 1902, by the Circuit Court. Having found there was no common law or other contract of marriage since the entry of that decree divorcing the parties and granting alimony to the complainant, the jurisdiction of the Superior Court under the bill in the present case terminated. That bill prays the court to "determine whether a lawful marriage exists," and if the court finds such marriage does exist, then for its dissolution, for alimony and "such further relief as equity may require." When the Superior Court found that no marriage existed there was no occasion nor was there jurisdiction under the prayer to grant further relief and none was asked for. There was no occasion to attempt to enforce the provisions of the decree of the Circuit Court as to alimony. That court had and has ample power and jurisdiction to enforce its own decrees.

It is true that a bill in equity may be maintained to enforce a decree "where the rights of the parties have become so embarrassed by subsequent events, that no ordinary process of the court upon the first decree will serve, and it is therefore necessary to have another decree of the court to ascertain and enforce them." Oberein v. Wells, 163 Ill. 101. There was here no embarrassment of that kind. When it appeared that nothing had transpired since the original decree of divorce which had changed the status of the parties under that decree, that they had not been remarried and that the original decree of divorce with all its provisions as to custody of the children and alimony was in full force and effect, the present bill might properly have been dismissed, since

the alternative relief prayed for could not be granted under the bill. If the Circuit Court was itself for any reason unable to enforce its own decree, then under a bill containing proper averments a court of equity having jurisdiction might do so. Such was the case of Barber v. Barber, 21 How. (U. S.) 582, cited by complainant's counsel. No such case is presented by the bill under consideration. As a bill to review a decree the Superior Court was without jurisdiction to entertain it. Such bill must be filed in the court where the decree sought to be reviewed was rendered, and the Superior Court has no jurisdiction to review a decree of the Circuit Court and *vice versa*.

The decree of the Superior Court will be reversed and the cause remanded with directions to dismiss the bill.

*Reversed and remanded with directions.*