[Civ. No. 3350. First Appellate District, Division Two.—May 14, 1920.]

## J. L. VAUGHN, Respondent, v. CHARLES FEY, Appellant.

[1] CONTRACTS — ADVANCEMENT OF MONEY TO PERFECT INVENTION — PARTIAL BREACH — RESCISSION — RESTORATION.—Where defendant agreed to advance to plaintiff, an inventor, the moneys necessary to pay for time spent and materials used in the building of a new invention for automatically changing phonograph needles and for a patent thereon, in consideration of the transfer to defendant of a one-half interest in such patent, and there was a partial breach · of such contract by defendant, entitling plaintiff to rescind the

same, he may only do so upon returning to defendant everything of value received from defendant under the contract.

[2] ID.—PAYMENTS MADE TO OTHER THAN PLAINTIFF—ACCEPTANCE OF° BENEFITS—OBLIGATION TO RETURN.—The fact that a part of such money was not paid directly to plaintiff, but to the patent office for a patent and to vendors of materials for supplies to be used in completing the model, does not affect plaintiff's obligation to return the same to defendant, where such money was paid under the contract for the benefit of plaintiff and to enable him to perfect his invention, and he accepted the benefits thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. W. Mahon, Judge presiding. Reversed.

The facts are stated in the opinion of the court.

Maurice R. Carey for Appellant.

Devoto, Richardson & Devoto for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment annulling a contract which had been entered into between the parties hereto. J. L. Vaughn, being the inventor of certain improvements on an automatic phonograph, embodying in particular a new invention for automatically changing the steel needle used for producing the sound from the records, desired to perfect and patent this device, and for this purpose entered into a contract, on June 22, 1916, with Charles Fey, by which contract Fey agreed to advance money to pay for all of the materials required for the building of a model and to furnish shop-room for the building of the same, and to pay to Vaughn twenty dollars each week for a period of ninety days from the date of the agreement, to cover the time Vaughn would be engaged in working upon the model, and also to advance a sufficient sum to cover the cost of securing a patent in the United States upon the said invention, to be applied for when the working model was completed and perfected. In consideration of this agreement by Fey, Vaughn agreed to transfer to Fey a one-half interest in any patent which he might obtain in the United States upon his said invention.

This agreement is set out in full in the complaint herein, and it is alleged that the defendant failed and refused to advance the money necessary for the patent. There is no allegation of an offer to restore what the plaintiff received from the defendant under the contract, and the prayer of the complaint is that the contract between the parties be annulled.

The defendant's demurrer was overruled, and he answered, denying a breach of said contract on his part and pleading full performance thereof. He also set up as an affirmative defense that the plaintiff had not returned nor offered to return the consideration received from the defendant under the contract. This latter allegation was admitted by the plaintiff upon the trial, and no evidence was offered by him to excuse his failure to place the defendant *in statu quo*. It was further admitted by the plaintiff at the trial that the defendant had supplied the workroom, tools, and equipment for the building of the model, and had expended the sum of ninety-five dollars for materials, equipment, etc., used in the construction of the same; that he had paid to the plaintiff $100 in weekly payments of twenty dollars each during the period plaintiff was engaged upon the work; that he had advanced the sum of $230 for the purpose of paying the expense of securing a patent upon the said invention; that, thereafter, the patent office refused to issue one patent covering all the elements of the invention, but insisted upon a "divisional" patent, and that plaintiff, without consultation with defendant, then directed that the money advanced by the defendant be applied to obtaining a patent upon the main device, which patent was duly issued. Plaintiff then asked the defendant for an additional eighty-five dollars to cover the cost of a separate patent upon the device for changing the steel needle. Defendant refused to advance this last-mentioned sum, and the controversy arises over this refusal—it being admitted by the plaintiff that in all other particulars the defendant fully kept and performed all of his obligations under the contract.

The defendant and appellant in support of his allegation of full performance urges that the contract calls for only one patent, and that in advancing the money to secure one

patent defendant fulfilled his part of the contract. However that may be, the admitted facts show that the defendant has expended the sum of $425, in addition to furnishing shoproom, tools, and equipment for the completion of the model, and the testimony of the defendant is that he expended a larger amount.

Upon these facts, the court decreed an annulment or rescission of the contract, and made no provision in the decree for a return to the defendant of the money which he had parted with under the contract.

The respondent's position is not well taken in seeking to differentiate a suit for the annulment of this contract from a suit for a rescission of a contract. The two words are used interchangeably. (*Haines* v. *Stilwell*, 5 Cal. Unrep. 27, [40 Pac. 332]; 7 Words & Phrases; Bouvier's Law Dictionary; 1 Black on Rescission and Cancellation, p. 1; Webster's New International Dictionary.)

We have, then, a suit in equity for the rescission of a contract. Without going into the question of whether or not the plaintiff is entitled under the contract to demand from the defendant money to defray the expenses of obtaining a second patent, and conceding for the purpose of a decision of this case that he was so entitled, and that the defendant failed in that particular to fulfill his contract, it is obvious that defendant's breach constituted only a partial failure of consideration. Where a contract is entire, there is a right of rescission thereof for a partial failure of consideration under section 1689 of the Civil Code. (*Sterling* v. *Gregory*, 149 Cal. 117, [85 Pac. 305].) But it is also stated in said last-mentioned case that the pleadings contained an allegation that everything of value received under the contract had been restored by the party rescinding to the other party. (*Sterling* v. *Gregory*, *supra*, at p. 118.) It is said in the case of *Fountain* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 677, 683, [34 Pac. 497], that in case of rescission each party to the contract must restore to the other everything of value received and pay for labor performed for him under the contract no matter at whose instance the rescission is made. The decision cites, upon this point, numerous California cases.

In the case of *Bohall* v. *Diller*, 41 Cal. 532, at pages 535 and 536, it is said: "If a vendee has so failed to perform the contract that the vendor may elect to treat the contract as rescinded, it is incumbent on the vendor in order to work that result to restore to the vendee whatever he has paid on the contract. . . . The plaintiff has failed to allege a repayment or tender of the amount paid by the defendant at the execution of the contract. He, therefore, cannot proceed to recover the possession of the premises on the ground of the rescission of the contract." The language of these various decisions but declares the law as announced in section 1691 of the Civil Code, which expressly provides that rescission when not accomplished by consent can be accomplished only by the use on the part of the party rescinding of reasonable diligence to comply with the following rules: ". . . 2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same upon condition that such party shall do likewise unless the latter is unable or positively refuses to do so." (See, also, *Hammond* v. *Wallace*, 85 Cal. 522, 531, 532, [20 Am. St. Rep. 239, 24 Pac. 837]; *Buena Vista F. & V. Co.* v. *Tuohy*, 107 Cal. 243, 255, [40 Pac. 386]; *Hite* v. *Mercantile Trust Co.*, 156 Cal. 765, 767, [106 Pac. 102]; *Walsh* v. *Standart*, 174 Cal. 807, 811, [164 Pac. 795]; *Maginess* v. *West. Securities Corp.*, 38 Cal. App. 56, [175 Pac. 277].)

[1] It seems plain, therefore, conceding that the defendant has partially breached his contract, and that this breach entitles the plaintiff to rescind the same, that, nevertheless, plaintiff may only do so upon returning to the defendant everything of value received by plaintiff from the defendant.

[2] It is idle to urge that because a part of the money was not paid directly to the plaintiff, but to the patent office for the patent, and to the vendors of materials for supplies to be used in completing the model, the plaintiff, therefore, has received nothing which he is obligated to return. The money was paid under the contract for the benefit of the plaintiff and to enable him to perfect his invention, and he accepted the benefits thereof in the way of materials to complete his model and letters patent upon his invention.

The situation is not different in principle from what it would have been had the money been paid to plaintiff personally.

The judgment is reversed.

Nourse, J., and Brittain, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 11, 1920, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on July 12, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.