## EDWARDS v. BODKIN.

(District Court, S. D. California, S. D. April 9, 1919. On Motion for Rehearing, July 24, 1919.)

No. C-55.

**1. Ejectment ☞1—Nature of action of "ejectment."**

An action in "ejectment" is merely to recover possession of land based on legal title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ejectment.]

**2. Judgment ☞663—During pendency of appeal, judgment in ejectment not conclusive.**

That defendant recovered judgment against plaintiff in a prior action of ejectment in the state court involving the land in suit, which plaintiff claimed under a homestead entry, is not a conclusive adjudication against plaintiff's right to recover, where the action was removed to the Supreme Court of the State by notice of appeal and the giving of a bond, for in such case the action, which involved merely the right to possession, was still pending.

**3. Judgment ☞656—After order sustaining demurrer not conclusive against plaintiff's right to recover in another action.**

A judgment dismissing the previous action brought by plaintiff in the California state court, based on an order sustaining a demurrer to the complaint with leave to amend, was not a conclusive adjudication against plaintiff's right to recover in a subsequent suit in the federal court, for Code Civ. Proc. Cal. § 1911, declares that only is deemed to have been adjudged in a former judgment which appears on its face to have been so adjudged, or which was actually and necessarily included, while the complaint was attacked on the grounds that it did not state a cause of action, and court was without jurisdiction, and the order sustaining the demurrer did not specify on which ground it was based, nor did the final judgment in any wise show a disposition on the merits, but might well have been based on plaintiff's failure to amend.

On Motion for Rehearing.

**4. Public lands ☞103 (1)—Affidavit insufficient to start contest, where affiant had no knowledge of facts.**

A notice of contest supported by an affidavit absolute in form is insufficient to commence a contest, where it appeared that the contestant had no actual knowledge of the facts, for in such case he should be deemed guilty of false swearing.

**5. Judgment ☞18 (1)—Pleadings necessary to give jurisdiction.**

In a court of justice it is necessary to file a declaration, etc., or other document sufficient to give court jurisdiction, and if a document is not filed which is sufficient to initiate the proceeding subsequent acts of court are futile, and no rights are adjudicated.

**6. Public lands ☞103 (3)—Where there is no contest, defendant acquires no preference right of entry.**

Where there was no contest against an entryman on public lands, which for a time were withdrawn under Reclamation Act June 17, 1902 (Comp. St. §§ 4700–4708), but were later released, the one attempting contest could have no preference right of entry.

**7. Public lands ☞40—Failure of entryman to reside on arid lands not an abandonment.**

In view of Reclamation Act June 17, 1902, § 3 (Comp. St. § 4702), *held* that Act June 27, 1906, § 5 (Comp. St. § 4724), is applicable to a home-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stead entry, and the failure of an entryman on arid lands withdrawn under the Reclamation Act to continuously reside or cultivate the same cannot, the lands being later released, be deemed an abandonment.

**8. Appeal and error ⌖1195(1)—Decision on former appeal, construing statute, is law of the case.**

A decision of the appellate court on former appeal, construing statute, is conclusive thereafter.

**9. Public lands ⌖103(3)—Institution of contest necessary to give land office jurisdiction.**

Where it did not appear that a contest was duly instituted, so as to give the land office jurisdiction to determine rights to the land, there being no question of fraud on the government, the decision of the land office as to rights to arid lands withdrawn after entry under Reclamation Act June 17, 1902 (Comp. St. §§ 4700–4708), but later released, is not binding.

In Equity. Suit by William B. Edwards against Patrick H. Bodkin. Decree for plaintiff, and motion for rehearing denied.

Affirmed in (C. C. A.) 265 Fed. 621.

Henry M. Willis, of Los Angeles, Cal., for plaintiff.

Dan V. Noland and Duke Stone, both of Los Angeles, Cal., for defendant.

TRIPPET, District Judge. A complaint in this suit was passed upon by the Circuit Court of Appeals and reported in 249 Fed. 562, 161 C. C. A. 488. The complaint has been amended, but not in any material respect as compared with the complaint passed upon by the said court. The facts, as stated in the opinion in that report, were proven at the trial. The plaintiff offered no proof regarding the misconduct of any of the officers in the land office. It follows, therefore, that the plaintiff is entitled to a decree as prayed for in the complaint, unless the pleas in bar pleaded by the defendant defeat that right.

[1, 2] The first plea sets up a judgment obtained in the superior court of Riverside county, in an action wherein the defendant here, Patrick Henry Bodkin, was plaintiff, and the plaintiff here, William B. Edwards, was defendant. The facts concerning that suit are these: Suit was filed June 3, 1912. It was an action in ejectment to recover possession of the land in controversy in this suit. The defendant answered the complaint, and a trial was had on October 18, 1912. Judgment was entered in the cause on November 12, 1913, wherein it was adjudged that the plaintiff (Bodkin) recover of the defendant therein the possession of the land described in the complaint and $50 damages for rents and profits. On February 4, 1914, the defendant in the said cause filed a notice of appeal to the Supreme Court of California, and on the same day filed an undertaking on appeal. This notice of appeal and bond in pursuance thereof removed the case to the Supreme Court. The court is of the opinion that the plea in bar, as above stated, does not defeat the right of plaintiff's recovery. The action in ejectment was merely to recover possession of the land, based upon the legal title; and, since the appeal has not been determined, the action is still pending.

[3] The defendant also pleads in bar a judgment in a suit in the superior court of the state of California, in and for the county of River-

---

⌖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

side, entitled William B. Edwards v. Patrick H. Bodkin, being the same parties here in litigation. The facts concerning that suit, in so far as material here, are as follows:

A demurrer was filed to the first amended complaint on April 5, 1916. This demurrer was upon the following grounds: First, that the court had no jurisdiction of the subject-matter of said action; and, second, that said first amended complaint did not state facts sufficient to constitute a cause of action. On June 8, 1916, the court made an order in words and figures following:

"Demurrer to amended complaint sustained, 10 days."

On June 30, 1916, the court entered the following:

" * * * An order having been entered in this action on the 8th day of June, 1916, sustaining the demurrer to the amended complaint herein and granting plaintiff 10 days within which to amend, and plaintiff having failed to further amend his complaint, it is hereby ordered and adjudged that the amended complaint herein be and the same hereby is dismissed, and that the defendant have and recover its costs of the said plaintiff taxed at fifty and 40/100 dollars. Dated June 30, 1916.        Hugh H. Craig, Judge."

Other proceedings were had in said cause, with a view of having said judgment set aside. A motion to vacate the judgment was made. This motion to vacate the judgment has never been disposed of by the superior court of Riverside. The rule of res adjudicata is stated by section 1911, C. C. P., as follows:

"That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

It will be seen that there are two grounds specified in the demurrer: One, that the court did not have jurisdiction; and the other, that the complaint did not state facts sufficient to constitute a cause of action. The judgment sustaining the demurrer does not specify upon what ground the court sustained it. If the demurrer was sustained on the ground that the court had no jurisdiction, there would be no judgment upon the merits. Since it cannot be determined by an examination of the record upon what ground the court sustained the demurrer, it must follow that the judgment is not a bar. Besides, the proceedings show that the plaintiff was given leave to amend the complaint when the court made an order sustaining the demurrer. The plaintiff, however, never amended. It cannot be determined from the judgment entered in that case whether or not the court dismissed the complaint by reason of the failure of plaintiff to amend or by reason of the fact that the demurrer had been sustained to the amended complaint. It may well be that the court on June 30, 1916, finding that the record showed that the plaintiff had been given leave to amend and had not amended, thought the case ought to be dismissed for want of prosecution by the plaintiff. The judgment shows that the complaint was dismissed, but why it was dismissed, whether by reason of the fact that the demurrer had previously been sustained, or by reason of the fact that the plaintiff had not amended, is not set forth. There is no judgment that the prayer of the plaintiff's complaint be denied, nor is there a formal de-

cree of dismissal. It is plain that it does not appear upon the face of this judgment that the controversy was decided, or actually and necessarily included therein, or was necessary thereto.

For the reasons above stated, I am of the opinion that the last-mentioned suit is not a bar to the plaintiff's right of recovery in this suit. Civil Code of Procedure, § 1911; Civil Code of Procedure, § 581; Goldtree v. Spreckles, 135 Cal. 666, 67 Pac. 1091; Kirsch v. Kirsch, 113 Cal. 56, 45 Pac. 164; Bissell v. Spring Valley Township, 124 U. S. 225, 8 Sup. Ct. 495, 31 L. Ed. 411; Smith v. McNeal, 109 U. S. 426, 3 Sup. Ct. 319, 27 L. Ed. 986; Russell v. Place, 94 U. S. 606, 24 L. Ed 214; Wiggins Ferry Co. v. O. & M. Railway, 142 U. S. 396, 12 Sup. Ct. 188, 35 L. Ed. 1055.

The plaintiff will prepare a decree as provided by the rules of the court.

## On Motion for Rehearing.

This is an application for rehearing. Upon the trial of the case great stress was laid upon the judgments introduced in the case, and very little was said concerning the proofs relative to the allegations in the complaint. On the application for rehearing it was contended that the proof does not support the allegations in the complaint in several particulars. Great controversy arose during the argument, concerning the meaning and importance of the following quotation from the opinion rendered by the Circuit Court of Appeals (249 Fed. 562, 161 C. C. A. 488), to wit:

"On May 5, 1908, the defendant served a notice of contest upon the plaintiff, in which it was charged that the plaintiff had never established a residence upon the land, had made no improvements thereon, and that he had abandoned the same for more than six months. The defendant, in support of this contest, made oath that he did not know and had no means of knowing the facts. This was insufficient to initiate a contest. Schofield v. Cole, 1 Land Dec. 140."

This is a correct statement of what the allegations of the complaint are, and the syllabus No. 5 in the opinion is as follows:

"A notice of contest against an entryman on public lands, in support of which the contestant made oath that he did not know and had no means of knowing the facts, is insufficient to initiate a contest."

[4] This syllabus correctly interprets the decision on this subject. The proof adduced at the trial of the case supports the allegations in the complaint in this regard. There is no ambiguity in this statement of the court. It certainly states that no contest was initiated. The attorney for the defendant argues that the court did not mean to decide that, if the affidavit of contest filed by the defendant was verified positively by him, that would not initiate a contest, and he argues that it would initiate a contest, even though it subsequently developed that the contestant did not know anything about the facts, and only testified on information and belief. He argues that if the affidavit of contest be made positively, it does not matter whether contestant knows the truth of it or not, it would initiate a contest. He points out that the authority cited by the Circuit Court of Appeals is a decision of the land office, based

upon an affidavit in support of a contest that was sworn to by the witness only upon information and belief, and the office held that such a supporting affidavit was not sufficient. In other words, the defendant argues that, if the contestant swears positively to the facts, it makes no difference whether he knows them to be true or not, it is sufficient to initiate a contest. This argument leads to this absurdity:

If a man who stands in awe of the law and in fear of God makes an affidavit on information and belief to initiate a contest, it will be rejected; but if a reckless man, who cares naught for the law or divinity, swears positively to the affidavit of contest, it will suffice to initiate a contest, although he does not know anything except upon information given him by others, and that this would be true, even though affiant knew the rules required him to swear positively. If such be the law, then the law sets a premium upon the reckless, and condemns the man who has a conscience. It may well be that the Circuit Court of Appeals took this into consideration, and had in mind that it might properly be regarded as false swearing for a man to swear positively he knew a thing, when he only knew it on information and belief, although it might not constitute perjury. If, however, a man is conscious, when giving his testimony, that he does not know anything about the matter to which he is testifying, he ought to be regarded as swearing falsely. People v. Von Tiedeman, 120 Cal. 128, 136, 52 Pac. 155. It is also probable that the Circuit Court of Appeals considered that, since the department required a man to swear to a thing positively, if he swore to it positively when he only knew it upon information derived from others, then he would be perpetrating a fraud, because he would have misled the department.

[5] The attorney for the defendant also argues that it made no difference whether the affidavit of contest was sufficient, because the contestee appeared and the land office decided the matter. Land office decisions were cited to the effect that the land office had a right to proceed to hear a contest, notwithstanding the affidavit of contest was insufficient, and notwithstanding the contestant may have abandoned the matter; that upon the serving of the notice of contest the land office acquired jurisdiction, and the department had a right to decide the case. In a court of justice it is necessary to file a declaration, complaint, or other document sufficient to give the court jurisdiction, and if a document is not filed which is sufficient to initiate the proceedings, all subsequent acts of the court are futile and nugatory, and no rights whatever are adjudicated. The question arises: Did the Circuit Court of Appeals have in mind this principle of law when it made the statement above quoted? The statement in the opinion would have no useful purpose, unless the court was of the opinion that there was no contest and the acts of the Land Department were without jurisdiction. Otherwise, the court should have ignored this allegation in the complaint, or should have simply stated that it made no difference—that the land office had decided it anyhow. This would have been in line with the argument of the defendant. In this connection it must be borne in mind that the complaint stated that the Land Department

decided the question against the plaintiff, although this fact is not referred to in the decision of the Circuit Court of Appeals.

[6] The attorney for the defendant asserts that, notwithstanding there was no contest, it could not make any difference. But it does make a difference. If there was no contest, the defendant never acquired any preference right of entry, and that fact has an important bearing throughout this case. It also has a bearing on the interpretation to be given to the decision of the land department. The Circuit Court of Appeals points out (249 Fed. page 569, 161 C. C. A. 488) that, even though there was a contest, the defendant Bodkin could not have obtained any preference right. This is set out very clearly in paragraph 9 of the syllabus, which is as follows:

"Any right under regulation 7 of June 6, 1905, issued by the Secretary of the Interior under Reclamation Act June 17, 1902, § 10, which a successful contestant of a homestead entry on land withdrawn as susceptible of irrigation might have had, was lost by the promulgation of regulation 6 of January 19, 1909, declaring that, where a contest has been allowed prior to a first form withdrawal, the withdrawal, if made before the termination of the contest or entry of the successful contestant, will terminate all rights acquired by such contest, where the land, before termination of the contest or entry by contestant, was withdrawn under the first form for irrigation works, and the contestant had only a preference."

We will therefore proceed to consider the case without regard to the rights of Bodkin, for under the decision of the Circuit Court of Appeals he had no rights to be considered.

[7, 8] Counsel for the defendant states that section 5 of the act of June 27, 1906 (Comp. St. § 4724), does not apply to homestead entries, and that the decision of the Circuit Court of Appeals, wherein the court decided that it was not necessary for the plaintiff to make improvements upon the land, was erroneous. It is true that that section does not refer to homestead entries, but section 3 of the act of June 17, 1902 (Comp. St. § 4702), does refer to homestead entries made after withdrawal of the land, and expressly allows a homestead entry after withdrawal. It is provided by section 3:

"That all lands entered and entries made under the homestead laws within areas so withdrawn during such withdrawal shall be subject to all the provisions, limitations, charges, terms, and conditions of this act," etc.

Section 3 of the act of June 17, 1902, and section 5 of the act of June 27, 1906, construed together, work out the proposition stated by the court. In any event, the Circuit Court of Appeals has settled the law of this case, and this court must follow the decision upon that subject.

[9] The opinion of the Land Department shows that the plaintiff was residing upon the land and making improvements thereon at the time the alleged contest was heard in the land office. In this respect the Circuit Court of Appeals said:

"We assume that the act of June 27, 1906, was overlooked, or its meaning misunderstood, when the officers of the Land Department held that the plaintiff had abandoned his homestead entry while he was in fact residing upon the land and holding it, pending a final determination of the Secretary of the Interior as to whether or not the land would be required for irrigation

works under the first form of withdrawal. This was clearly a mistake of law, and authorizes a review of the proceedings in a court of equity."

The attorney of the defendant claims that the decision of the Land Department, notwithstanding there was no contest, is binding, for the Land Department had jurisdiction and could decide the matters it did decide. In the case of Lee v. Johnson, 116 U. S. 48, 52, 6 Sup. Ct. 249, 251 (29 L. Ed. 570), it is said:

"If in any case it appears from the evidence that the claim of the complaining or moving party is against public policy or the law, so that in no event could he recover a final judgment or decision, whatever be the nature or extent of the testimony upon the point at issue, the tribunal should not hesitate to dismiss the suit or the proceeding."

The point at issue in that case to which the Supreme Court was addressing its remarks was the decision of the Land Department to the effect that the party there was not acting in good faith, within the meaning of section 2262 of the Revised Statutes, in that he was seeking to acquire a homestead for some one else, instead of himself. The statute provides that a homesteader must make oath:

"That he has not settled upon and improved such land to sell the same on speculation, but in good faith to appropriate it to his own exclusive use," etc.

There is no evidence at all in this case that the plaintiff was seeking this property for another person than himself. The court takes it that where a tribunal has jurisdiction to investigate a matter, and reaches the conclusion that the party is seeking to practice a fraud upon the government, such determination of the department is binding. It certainly is required, however, that the tribunal making the investigation must have some jurisdiction to do so. It would be against public policy to practice a fraud upon the government. In the case of Lee v. Johnson, above referred to, it is said (116 U. S. on page 52, 6 Sup. Ct. on page 250 [29 L. Ed. 570]):

"While there are no formal pleadings in such cases, it is undoubtedly true, as a general rule, that in contested matters before the Land Department, as in those before the courts, the decision should be confined to the questions raised by the allegations of the respective parties; but this rule has its exceptions."

And the exceptions to which the court refers are stated in the previous quotation. Of course, no court will enforce a contract or an alleged right of a party, where the party is seeking to perpetrate a fraud upon the government. The Land Department undoubtedly has a right to cancel an entry, where upon a contest, even though prosecuted only on behalf of the government, it appears that the entryman has violated the law.

Then we must consider: What did the Land Department decide? It must be borne in mind that the Circuit Court of Appeals in this case has decided that the plaintiff did not have to make improvements upon the land. If the land office meant, by stating that the plaintiff did not act in good faith, in that he did not make improvements and reclaim the land as required by law, then the opinion of the Circuit Court of Appeals is to the effect that he did not have to comply with the

homestead law in this regard during the time of withdrawal. The Secretary of the Interior in his decision says of the plaintiff:

"From his own testimony, it clearly appears that he failed to comply with the law in the matter of residence. Indeed, his actual home was in another county, where he qualified as a voter by swearing that he resided there. He states that he visited the land about every six months, staying only a few days at a time. He had no house to live in. In fact, he had no house completed at date of hearing, more than six years after entry. He evidently did considerable work on the land, in cultivating, digging brush, etc.; but this work was after he had personal knowledge that the contest had been filed. He seems to think it a great wrong and injustice that another may reap the benefit of his labors. The department, under the plain facts in the case, especially the facts as shown from claimant's own frank testimony, is powerless to give relief."

What the Secretary of the Interior stated would not constitute a fraud. The land was withdrawn under the Reclamation Act; the plaintiff did not have to cultivate or improve the same during the time of withdrawal. There is no finding of the exact time when he was away from the land. The statement of the Secretary of the Interior shows that the plaintiff was acting in good faith, in that he made his disclosures, believing, undoubtedly, that he had a right to do what he did do. The Secretary says:

"His testimony is quite frank, and bears the stamp of truth."

The next question is: Did the plaintiff comply with the law? The allegations of the complaint, as stated by the Circuit Court of Appeals, are to the effect that the plaintiff complied with all the requirements of the homestead and reclamation laws, made final proof of such compliance before the United States land office for that land district, proved such compliance by two creditable witnesses, who made oath to all the items required by law to be made, paid all the fees required by law to be paid prior to receiving a patent for the land, published in due form notice to all persons having or claiming to have a better right to such land than the plaintiff, and required such persons to appear and exhibit such claim of right. No person appeared at the time and place, and offered evidence of a better or of any right adverse to plaintiff; nor was notice ever given to plaintiff by the land office that the proof submitted was defective in any way, as to the special or any of the conditions under which the entry was made. But the Land Department, without regard to the premises, refused to consider such proof and to issue a patent for the land described.

The final proof submitted to the Land Department sustains this allegation of the complaint, and therefore shows the finding of the Secretary of the Interior, that the plaintiff did not comply with the law, to be an incorrect decision on the undisputed facts. The conclusions must be drawn: That there was no contest; that the defendant never acquired any rights in the property; that the plaintiff submitted final proof, showing his compliance with the homestead and reclamation laws, which the department did not consider. The decision of the Circuit Court of Appeals is to the effect that the Land Department should have considered it, and, if considered, necessarily the patent would have gone to the plaintiff.

The motion for rehearing will be denied.