[No. G011098. Fourth Dist., Div. Three. May 1, 1992.]

JOANNES BUIC, Plaintiff and Appellant, v.
BEATRIZ BUIC, Defendant and Respondent.

## COUNSEL

Evan L. Ginsburg for Plaintiff and Appellant.

Dale B. Kimsey for Defendant and Respondent.

## OPINION

**WALLIN, J.**—Joannes Buic appeals from an order granting summary judgment to Beatriz Buic in his constructive trust and fraud action. He contends there was a triable issue of material fact and summary judgment was improper. We agree and reverse.

Joannes Buic was married to Beatriz Buic prior to 1981. They owned a residence located on West Avenue in Fullerton. In 1981 Joannes executed a quitclaim deed conveying his interest in the West Avenue property to Beatriz. In 1982 Beatriz petitioned for dissolution of the marriage. The August 1982 judgment of dissolution awarded the West Avenue property to Joannes as his separate property. An apartment building which the couple owned was awarded to Beatriz as her separate property.

Following the dissolution judgment, Beatriz remained in the West Avenue property. No documents were executed or recorded showing legal title to be in Joannes. During the subsequent years that Beatriz resided in the property, she paid all mortgage and property taxes. In 1989, Joannes discovered that Beatriz had listed the West Avenue property for sale and filed suit.[1]

Beatriz's evidence on summary judgment was that following entry of the court order awarding Joannes the house, she called him and told him she

---

[1] In addition to filing the instant action, Joannes also filed for an order to show cause re: contempt against Beatriz in the original dissolution action for her failure to comply with the

would move out at the end of August 1982 and asked him to have title transferred to his name so she would not be responsible for the mortgage payments. At that time, record title, the mortgage and the tax bills were all in her name only. Joannes told her he did not want anything to do with the house. While he came to the house occasionally until 1984 to see their daughter, after that time she did not see him again. In 1982 or 1983 she told Joannes he had to either take the house or repair it because she could not live in it as it was. He said, "I give you the property before." She then refinanced the house for about $137,000. She paid off the original loan of around $37,000, and spent $37,000 improving the property. There is no evidence regarding the use of the remainder of the loan proceeds. In October 1989 she listed the house for sale.

Joannes's evidence was that he believed his attorney had caused title to the property to be transferred into his name. He admitted that from 1982 on he never paid the mortgage, asked for rent, or maintained the property, but contended that this was pursuant to his agreement with Beatriz. He testified that after the divorce, Beatriz complained that she could not afford to rent an apartment. As a favor to her, and because the couple's minor daughter was living with Beatriz, Joannes told Beatriz she could continue to live in the West Avenue house. He had agreed to allow Beatriz to stay in the house and agreed she would pay the mortgage and taxes in lieu of rent. Beatriz had never told him she believed the property to be her own.

Joannes filed this action in April 1990 seeking the imposition of a constructive trust on the proceeds of the $137,000 refinance loan and seeking to have the West Avenue property conveyed to him. In her answer, Beatriz raised as an affirmative defense that his causes of action were barred by Code of Civil Procedure section 318.

Beatriz contends Joannes's action for imposition of a constructive trust on the proceeds of the loan secured by the West Avenue property and for conveyance of the property to him is barred by the five-year statute of limitations. Code of Civil Procedure section 318 provides: "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff . . . was seized or possessed of the property in question, within five years before the commencement of the action." (See also Code Civ. Proc., § 319.) Pursuant to the parties' dissolution judgment the property had been awarded to Joannes as his

property division order entered in 1982. Joannes submitted the transcript from that hearing and his own declaration as his evidence on the summary judgment motion. The trial court considered the testimony from the contempt hearing in ruling on the summary judgment motion.

separate property. Therefore, although record title remained in Beatriz's name allowing her to convey the property, or an interest in it, to a bona fide purchaser, Joannes was the true owner pursuant to the dissolution judgment. Nonetheless, Beatriz argues, and the trial court agreed, that she had acquired legal title to the property through adverse possession.

■ To establish title by adverse possession, the claimant must establish the following five requirements: 1) Possession under claim of right or color of title; 2) actual, open, and notorious occupation of the premises in such a manner as to constitute reasonable notice to the true owner; 3) possession which is adverse and hostile to the true owner; 4) possession which is uninterrupted and continuous for at least five years; and 5) payment of all taxes assessed against the property during the five-year period. (*Gilardi* v. *Hallam* (1981) 30 Cal.3d 317, 321 [178 Cal.Rptr. 624, 636 P.2d 588]; *Kraemer* v. *Kraemer* (1959) 167 Cal.App.2d 291, 306 [334 P.2d 675].)

Code of Civil Procedure section 437c requires the trial court to grant a summary judgment motion when no triable issue exists as to a material fact and the moving party is entitled to judgment as a matter of law. ■ On appeal, we review the facts presented below, independently determining their effect as a matter of law and independently reviewing the trial court's determination of questions of law. (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].)

■ Preliminarily, we note that Beatriz's adverse possession claim can only be based on her possession through claim of right, not by color of title. ■ A possessor holds under "color of title" when her possession is " 'founded on a *written instrument, judgment,* or *decree,* purporting to convey the land, but for some reason defective. . . . Color of title is received in evidence for the purpose of showing that the title is adverse and it therefore dispenses with other proof of *hostile* or adverse claim.' [Citation.]" (*Estate of Williams* (1977) 73 Cal.App.3d 141, 147 [140 Cal.Rptr. 593], italics in original.) The critical element of adverse possession based upon color of title is the *good faith belief* of the possessor that she had legal title to the property. (*Ibid.*) While the 1981 quitclaim deed conveyed title to the property to Beatriz, the subsequent dissolution judgment awarded it to Joannes as his separate property. ■ Beatriz could not claim a good faith belief that she still had legal title under the prior quitclaim deed. She knew, and indeed conceded, that the property had been awarded to Joannes. Her only claim arises from her possession subsequent to the dissolution judgment.

Because Beatriz can only establish adverse possession under a claim of right, she must make a strong showing of proof on each of the required

elements. (*Thompson* v. *Dypvik* (1985) 174 Cal.App.3d 329, 339 [220 Cal.Rptr. 46]; 5 Miller & Starr, Cal. Real Estate (2d ed. 1989) Adverse Possession, § 16:2, p. 625.) Joannes concedes that Beatriz maintained actual, open and notorious occupancy of the property. There is, however, a triable issue of material fact as to whether that occupancy was adverse and hostile to Joannes's ownership.

"The element of 'hostility' 'means, not that the parties must have a dispute as to the title during the period of possession, but that the claimant's possession must be adverse to the record owner, "unaccompanied by any recognition, express or inferable from the circumstances, of the right in the latter." ' [Citation.]" (*Estate of Williams, supra,* 73 Cal.App.3d at p. 147.)

There is a presumption that Beatriz's continued possession of the property after the dissolution judgment awarded it to Joannes was subordinate to Joannes's rights, not adverse. Early case law recognized that a spouse, who remained in possession of property awarded to the other spouse in a marital dissolution action, could acquire title to the property through adverse possession. (*Kirsch* v. *Kirsch* (1896) 113 Cal. 56, 63 [45 P. 164].) However, subsequent cases in analogous circumstances have refined the rule as follows: When a possessor of property remains in possession following a judicial decree awarding the property to another, the possessor's occupation is deemed subordinate to the true owner until express notice is given to the owner of the possessor's adverse claim. (*City of Los Angeles* v. *City of San Fernando* (1975) 14 Cal.3d 199, 269 [123 Cal.Rptr. 1, 537 P.2d 1250]; *Jaffray* v. *Mies* (1947) 80 Cal.App.2d 291, 293 [181 P.2d 672].)

In *Jaffray* a quiet title decree was rendered against the claimant to property. The claimant remained in possession after entry of judgment and ultimately brought a second action to quiet title. The court stated, " 'Where a defendant in a suit to quiet title remains in possession or assumes possession after a decree adverse to him and vesting title in another, his possession is presumed to be in subordination to the true owner and does not become adverse without express notice of his adverse claim brought home to said owner.' " (80 Cal.App.2d at p. 293.) While recognizing that a new prescriptive title could be perfected by the claimant, in *Jaffray* this did not occur because the claimant had not satisfied the requirements for adverse possession. (*Id.* at p. 294.)

In a similar case dealing with water rights, *City of Los Angeles* v. *City of San Fernando, supra,* 14 Cal.3d 199, the plaintiff obtained a judgment against the defendant confirming the plaintiff's appropriative water rights as against the defendants' alleged prescriptive water rights. In a subsequent

action, the defendants claimed they had newly acquired prescriptive rights by continuing water usage after the adverse judgment. The Supreme Court, relying upon *Jaffray*, concluded that unless there had been an affirmative renunciation of the rights confirmed in the prior judgment, the defendants continued use was deemed permissive. "We do not preclude the possibility that a party subjected to a judgment declaring another party's prior water right could start the running of the prescriptive period by unequivocally manifesting to the other party a refusal to be bound any longer by the terms of the judgment. [Citation.] Without such affirmative renunciation, however, and in the absence of conduct unambiguously adverse to the judgment, the judgment defendants were presumed to be taking water and otherwise acting in subordination to the plaintiff's rights as provided by the judgment." (*City of Los Angeles* v. *City of San Fernando, supra,* 14 Cal.3d at p. 269.)

In his declaration Joannes stated that Beatriz stayed in the house with his permission and she had agreed to pay the mortgage and taxes in lieu of rent. The trial court, concluding that "actions speak louder than words," found evidence of Joannes's subjective intent to be irrelevant. It considered only the evidence that after the dissolution judgment, Beatriz remained in the house and paid all expenses and taxes associated with it for seven years. During this entire time record title remained in Beatriz's name as did the mortgage and all tax bills. She spent almost $40,000 improving the property. However, given the presumption that her continued possession was with Joannes's consent and his declaration that they expressly agreed her possession was consensual, there was plainly a triable issue of material fact.

The judgment is reversed.

Crosby, Acting P. J., and Moore, J., concurred.