Filed 10/14/14  Tolmasoff v. Van Vorce CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MORRIS GEORGE TOLMASOFF, | B253836 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC491350) |
| v. | |
| MARY VAN VORCE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed.

Law Offices of Jane Cervantes and Jane Cervantes for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This case involves a dispute over a home located on North Rowan Avenue in Los Angeles.  Respondent Morris George Tolmasoff, Jr., who had lived there for over two decades, secured a judgment for adverse possession in a suit brought against appellant Mary Van Vorce and nine other relatives.[1]  Appellant contends the court's finding concerning two of the elements necessary to establish adverse possession -- hostility and payment of property taxes -- were not supported.  Appellant did not, however, provide a reporter's transcript of the testimony at trial, which limits our review of the trial court's factual findings.  Perceiving no clear error on the record provided, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Title to the subject property was transferred by deed in June 1970 to nine children and four grandchildren of George and Esther Tolmasoff.  Appellant Van Vorce, along with her sister Aguilar, and her nieces and nephews Sandra Ann, Cynthia, Jesse and Steven Gonzales were named in the deed.[2]  The other defendants below, Susan Snook, Steven Tolmasoff, George Tolmasoff, Jr., and Jesus Arambula, claimed to be the successors to certain of the siblings named in

---

[1]    Van Vorce is the only defendant to appeal the judgment.  The other defendants below were appellant's sister, Julia Aguilar; appellant's nieces and nephews, Sandra Ann Gonzales, Cynthia Gonzales, Jesse Gonzales, Steven Gonzales, Susan Snook (also known as Susan Tolmasoff and Susan Brown), Steven Tolmasoff, George Tolmasoff, Jr.; and appellant's brother-in-law, Jesus Arambula.  To avoid confusion, persons with the same surnames will be referred to by their first names.

[2]    Appellant Van Vorce is one of two surviving siblings.  The other siblings on the title included Morris Tolmasoff, Sr. (respondent's father), John Tolmasoff, George Tolmasoff, Sr. and Sarah Arambula, all of whom are now deceased.  The Gonzaleses were the children of a sibling who died prior to the 1970 title transfer.

2

the deed.[3]  Respondent is the son of one of the siblings named in the deed, Morris Tolmasoff, Sr., who died in 1991.

On August 31, 2012, respondent brought suit for quiet title, claiming to have derived title to the home through adverse possession.  The complaint alleged that from 1969 to 1991, respondent's father lived in the home and paid all the property taxes.  It was further alleged that in 1991, Morris Sr. became ill and respondent moved in to care for him until his death later that year.  Respondent claimed to have lived in the home since 1991, and to have paid all property taxes due.  Appellant and the other defendants in the lawsuit answered and cross-claimed, seeking partition of the property.[4]

After a bench trial on September 10, 2013, at which testimony was taken but no reporter was present, the court ruled in favor of respondent.  The court prepared a written statement of decision (SOD) containing its factual findings.  The court found that respondent first occupied the property in 1991 at the request of his father, and had lived there ever since.  Respondent paid all property taxes levied and assessed on the property during that period.  The court further found that respondent had excluded defendants and all others from use of the property and had resisted at least eight attempts to sell the property, and that defendants had failed to oust respondent from the property prior to his establishing adverse possession.  The SOD listed the following elements needed to establish a claim of adverse possession:  "(1) one must possess property under a claim of right or color of title, (2) there must be actual, open and notorious occupation of the premises in question, (3) the possession must be uninterrupted[,] (4) possession must be

---

[3]     Snook, Steven and George, Jr. are the children of George, Sr.  Snook is also reputedly John's heir.  Jesus Arambula was Sarah's husband.

[4]     This was not the first suit for partition.  Snook and the Gonzaleses brought an action for partition in 1997.

continuous for a period of at least five [] years[,] and (5) the possessor must pay all of the property taxes levied and assessed against the property during the five year period of the possession." Applying its factual findings to the specific elements of the claim, the court found that respondent had, with all defendants' knowledge, been in full possession of the property for 22 years, and that his possession had been "hostile, open and continuous," as well as "open and notorious."

The court entered judgment for respondent. This appeal followed.


## DISCUSSION

Preliminarily, we note that no respondent's brief was filed. The rule we follow in such circumstances "is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found. [Citations.]" (*Votaw Precision Tool Co. v. Air Canada* (1976) 60 Cal.App.3d 52, 55; accord, *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1192, fn. 7; *Carboni v. Arrospide* (1991) 2 Cal.App.4th 76, 80, fn. 2.)

As noted, there was no reporter present at the trial, and therefore no reporter's transcript prepared for the appeal. The record consists of a clerk's transcript and the trial exhibits. It is universally recognized that the appellant has the burden of showing error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *In re Kathy P.* (1979) 25 Cal.3d 91.) Appellate courts "adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them." (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) Where an appeal is presented to us with no reporter's transcript, the trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence, "unless the judgment is not supported by the findings or reversible error appears on the face of the [available] record." (*Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207; accord, *Nielsen v. Gibson*, *supra*, at pp. 324-325;

4

*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) Put another way, "[w]here no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be conclusively presumed correct as to all evidentiary matters. . . . [I]t is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992, italics omitted.) The general effect of this rule is that "an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Ibid.*)

Turning to the merits of the claim, the elements of adverse possession are well established: "'possession,'" which must be "'by actual occupation under such circumstances as to constitute reasonable notice to the owner'" and "'hostile to the owner's title'"; the possessor must "'claim the property as his own, either under color of title, or claim of right'"; "'[p]ossession must be continuous and uninterrupted for five years'"; and the possessor "'must pay all the taxes levied and assessed upon the property during the period.'" (*Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at p. 325, quoting *West v. Evans* (1946) 29 Cal.2d 414, 417.) "By 'hostility' the courts mean "'. . . '. . . the claimant's possession must be adverse to the record owner, "unaccompanied by any recognition, express or inferable from the circumstances, of the right in the latter.'" [Citation.]"'" (*California Maryland Funding, Inc. v. Lowe* (1995) 37 Cal.App.4th 1798, 1806; quoting *Buic v. Buic* (1992) 5 Cal.App.4th 1600, 1605.)

Where the claim is asserted against a cotenant or co-owner, ""'additional principles become operative. . . .'"" (*Preciado v. Wilde* (2006) 139 Cal.App.4th 321, 325 (*Preciado*), quoting *Russell v. Lescalet* (1967) 248 Cal.App.2d 310, 313.) Because each tenant in common has a right to occupy the whole of the property, ""'[t]he possession of one is deemed the possession of all; each may assume that

5

another in exclusive possession is possessing for all and not adversely to the others . . . .""" (*Preciado*, *supra,* at p. 325, quoting *Dimmick v. Dimmick* (1962) 58 Cal.2d 417, 422.) Therefore, one tenant in common cannot acquire title """"by mere exclusive possession.""" (*Preciado*, *supra,* at p. 325, quoting *Russell v. Lescalet*, *supra*, 248 Cal.App.2d at p. 314.) """"[T]he occupying tenant must bring home or impart notice to the tenant [or tenants] out of possession, by acts of ownership of the most open, notorious and unequivocal character, that he intends to oust the latter of his interest in the common property. [Citations.]""" (*Preciado*, *supra,* at p. 325, italics omitted; see *Estate of Hughes* (1992) 5 Cal.App.4th 1607, 1612, quoting *Zaslow v. Kroenert* (1946) 29 Cal.2d 541, 548 ["'An ouster, in the law of tenancy in common, is the wrongful dispossession or exclusion by one tenant of his cotenant or cotenants from the common property of which they are entitled to possession.'"].)

In the instant case, absent a reporter's transcript to reflect the trial testimony, we may presume that respondent presented evidence of all the necessary elements of adverse possession. We need not rely entirely on such presumption, however, as the court identified the elements of a claim of adverse possession and made specific findings in support of its conclusion that each element had been met. The SOD reflected the court's specific findings that respondent had occupied the property continuously and exclusively for 22 years; that he paid property taxes during that entire period; that defendants were aware of his occupancy; and that the occupancy was hostile, as respondent excluded defendants from use of the property and interfered with at least eight attempts by his cotenants/co-owners to sell the property. (See *California Maryland Funding, Inc. v. Lowe, supra,* 37 Cal.App.4th at pp. 1802, 1806-1807 [evidence of hostility included refusing to surrender the property and tossing away "for-sale" signs].)

6

Without acknowledging the rules applicable to appeals based on incomplete records, appellant suggests there was clear error on the face of the record, in view of the court's statement that appellant failed to "oust" respondent prior to his establishing right to title by adverse possession. Pointing to the rule that where the proponent of adverse possession is a co-owner of the property, the element of "hostility" must be established by "'"'acts of ownership of the most open, notorious and unequivocal character'"'" amounting to an "'ouster'" (*Preciado*, *supra*, 139 Cal.App.4th at pp. 324, 325), appellant contends the trial court placed the burden of establishing a necessary element of the claim on the wrong party. We disagree. The SOD clearly reflected the court's understanding of the elements required to support a claim of adverse possession. The court made a separate finding of hostility of an open and notorious character, which was supported not merely by the exclusivity of respondent's occupation of the property for many years, but also by his interference with defendants' multiple attempts to sell it. The court's statement that defendants failed to "oust" respondent prior to his establishing adverse possession supported its finding that respondent's possession was continuous. (See *Nielson v. Gibson*, *supra*, 178 Cal.App.4th at p. 325 [landowner can interrupt continuous possession element by filing an action for ejectment].) It did not reflect a misunderstanding of the burden of proof.

Appellant further contends that the court's finding that respondent paid the property taxes for the necessary number of years was unsupported because the admitted trial exhibits did not establish, on their own, five consecutive years of payments. Respondent was not required to establish this element by documentary evidence. The court as trier of fact could accept oral testimony that respondent paid the property taxes during his years of possession. We presume that the unreported trial testimony would have supported the trial court's finding. (*Estate of Fain*, *supra*, 75 Cal.App.4th at p. 992.) Moreover, there is nothing in the

7

exhibits, which included property tax billing statements from the County for the years 2011 and 2012, to indicate that any year's property taxes were delinquent, and nothing in the record reflects that any other party claimed to have paid them. "We have no power on appeal to weigh the evidence, consider the credibility of witnesses, or resolve conflicts in the evidence or the reasonable inferences that may be drawn from the evidence." (*Navarro v. Perron* (2004) 122 Cal.App.4th 797, 803.) Accordingly, we reject appellant's contention that the trial court's findings were not supported or that the record before us on appeal establishes error.

**DISPOSITION**

The judgment is affirmed.  As respondent did not file a brief or otherwise make an appearance, no costs are awarded on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


WILLHITE, Acting P. J.


COLLINS, J.